UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND GARCIA, ) | Case No. CV 14-1944-RT(AJW) |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| M.D. BITER, ) | WITHOUT PREJUDICE |
| ) | |
| Respondent. ) | |

Petitioner filed this petition for writ of habeas corpus on March 6, 2014.[1] On April 1, 2014, the Court issued an order to show cause why the petition should not be dismissed as barred by the one year limitation period. See 28 U.S.C. §2244(d)(1). The order explained that the petition appeared to be untimely because petitioner's conviction became final in January, 1998, and petitioner had one year within which to file a federal petition, but he did not do so until

---

[1] Although the petition was filed by the Clerk's Office on March 14, 2014, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).

March, 6, 2014 – more than fifteen years after the limitation period expired. See Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001). In addition, the Court explained that it did not appear that petitioner had filed any state petitions during the relevant period, so the limitation period was not statutorily tolled.[2] Finally, the Court noted that petitioner had not provided any explanation for his delay suggesting that he might be entitled to equitable tolling. Petitioner was directed to file a response to the order setting forth the dates on which he filed any state petitions and also setting forth any evidence suggesting that he had been pursuing his rights diligently but some extraordinary circumstance beyond his control made it impossible for him to file his petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005).

Petitioner was cautioned that failure to file a response could result in the dismissal of his petition. His response was due on April 29, 2014. As of the date of this report and recommendation, petitioner has filed neither a response to the order to show cause nor a request for an extension of time to do so. For the following reasons, the petition should be dismissed.

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-

---

[2] Petitioner indicated that he filed several habeas corpus petitions in the state courts, but the first such petition was not filed until August 6, 2013 [Petition at 3-4 & Exs. C-F], more than a decade after the limitation period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003).

established.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006)(discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)(same), cert. denied, 538 U.S. 909 (2003); see generally Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004)(failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000)(failure to prosecute), cert. denied, 523 U.S. 1007 (2001).  Regardless of whether a litigant's conduct is most properly characterized as failing to prosecute, comply with orders, or follow a local rule, the applicable standard is the same.

The first and second factors — the public's interest in expeditious resolution of litigation and the court's need to manage its docket — favor dismissal. See Computer Task Group, 364 F.3d at 1115; Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier,

1  191 F.3d 983, 990 (9th Cir. 1999)); see also In re PPA Prod. Liab.
2  Litig.,460 F.3d at 1234 ("[D]ismissal serves the public interest in
3  expeditious resolution of litigation as well as the court's need to
4  manage the docket when a plaintiff's noncompliance has caused the
5  action to come to a halt, thereby allowing the plaintiff, rather than
6  the court, to control the pace of the docket.").

7      The third factor — prejudice to the defendants or respondents —
8  also weighs in favor of dismissal. In the absence of a showing to the
9  contrary, prejudice to the defendants or respondents is presumed from
10 unreasonable delay.   In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir.
11 1994)(citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
12 1976)); see also Pagtalunan, 291 F.3d at 642-643 (holding that
13 unreasonable delay weighed in favor of dismissal, and noting that
14 "[u]nnecessary delay inherently increases the risk that witnesses'
15 memories will fade and evidence will become stale") (citing Sibron v.
16 New York, 392 U.S. 40, 57 (1968)).

17     The fourth factor — the availability of less drastic sanctions —
18 also supports dismissal.  The Court explicitly warned petitioner about
19 the consequences of failing to file a response to the order to show
20 cause.  See In re PPA Prod. Liab. Litig., 460 F.3d at 1229 ("Warning
21 that failure to obey a court order will result in dismissal can itself
22 meet the 'consideration of alternatives' requirement."); Ferdik, 963
23 F.2d at 1262 ("[A] district court's warning to a party that his
24 failure to obey the court's order will result in dismissal can satisfy
25 the 'consideration of alternatives' requirement."); Anderson, 542 F.2d
26 at 525 ("There is no requirement that every single alternative remedy
27 be examined by the court before the sanction of dismissal is
28 appropriate.  The reasonable exploration of possible and meaningful

4

alternatives is all that is required.").

The fifth factor — the public policy favoring disposition of cases on their merits — weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Petitioner has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal in this case.

Prior to dismissal on the court's own motion, a pro se petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That prerequisite has been satisfied in this case. Therefore, dismissal under Rule 41(b) is appropriate.

It is within the Court's discretion to determine whether

dismissal for failure to prosecute and for failure to comply with orders should be with prejudice or without prejudice. Considering all the circumstances, dismissal without prejudice is more appropriate in this case.

For the foregoing reasons, this case is dismissed without prejudice.

**It is so ordered.**

Dated: <u>June 4, 2014</u>

<u>ROBERT J. TIMLIN</u>
Robert Timlin
United States District Judge